# EXHIBIT A



# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: CHRISTOPHER SAVILLE**

County: **02**    Case Number: **CV-2020-902148.00**    Court Action:

Style: **TERRI P. DODSON V. WYNDHAM VACATION RESORTS INC., ET AL.**

`Real Time`

## Case

### Case Information

| | | |
|---|---|---|
| County: **02-MOBILE** | Case Number: **CV-2020-902148.00** | Judge: **MAY:MICHAEL A YOUNGPETER** |
| Style: **TERRI P. DODSON V. WYNDHAM VACATION RESORTS INC., ET AL.** | | |
| Filed: **10/23/2020** | Case Status: **ACTIVE** | Case Type: **BAD FAITH/FRAUD/MISR** |
| Trial Type: **BENCH** | Track: **FAST** | Appellate Case: **0** |
| No of Plaintiffs: **1** | No of Defendants: **1** | |

### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **10/23/2020** | Updated By: **JOD** |

## Settings

### Settings

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 4 | **07/16/2021** | **001** | **09:00 AM** | **READ - CERT TO BE FILED** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - DODSON TERRI P.

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **DODSON TERRI P.** | | Type: | **I-INDIVIDUAL** |
| Index: | **D WYNDHAM VACA** | Alt Name: | | Hardship: **No** | JID: | **MAY** |
| Address 1: | **C/O KENNETH J. RIEMER** | | | Phone: | **(251) 432-9212** | |
| Address 2: | **2153 AIRPORT BLVD** | | | | | |
| City: | **MOBILE** | State: | **AL** | Zip: | **36606-0000** Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | RIE003 | | RIEMER KENNETH JOSEPH | KJR@ALACONSUMERLAW.COM | (251) 432-9212 |

## Party 2 - Defendant BUSINESS - WYNDHAM VACATION RESORTS INC., ET AL.

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **WYNDHAM VACATION RESORTS INC., ET AL.** | | Type: | **B-BUSINESS** |
| Index: | **C DODSON TERRI** | Alt Name: | | Hardship: **No** | JID: | **MAY** |
| Address 1: | **C/O CORPORATE CREATIONS** | | | Phone: | **(205) 000-0000** | |
| Address 2: | **4000 EAGLE POINT CORP DR.** | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35242-0000** Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: | |

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: **10/23/2020** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $6.05 | $6.05 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $14.69 | $14.69 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $315.00 | $315.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $380.74 | $380.74 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/23/2020 | CHGD DUE | CONV | 2021022 | 00 | $14.69 | C001 | 000 | | N | | | CHL |
| 10/23/2020 | CREDIT | CONV | 2021022 | 5517460 | $14.69 | C001 | 000 | | N | | | CHL |
| 10/23/2020 | RECEIPT | AOCC | 2021022 | 5517450 | $6.05 | C001 | 000 | | N | | | CHL |
| 10/23/2020 | RECEIPT | CV05 | 2021022 | 5517470 | $315.00 | C001 | 000 | | N | | | CHL |
| 10/23/2020 | RECEIPT | VADM | 2021022 | 5517480 | $45.00 | C001 | 000 | | N | | | CHL |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 10/23/2020 | 2:38 PM | FILE | FILED THIS DATE: 10/23/2020     (AV01) | AJA |
| 10/23/2020 | 2:38 PM | EORD | E-ORDER FLAG SET TO "Y"     (AV01) | AJA |
| 10/23/2020 | 2:38 PM | ASSJ | ASSIGNED TO JUDGE: MICHAEL A YOUNGPETER     (AV01) | AJA |
| 10/23/2020 | 2:38 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE     (AV01) | AJA |
| 10/23/2020 | 2:38 PM | SCAN | CASE SCANNED STATUS SET TO: N     (AV01) | AJA |
| 10/23/2020 | 2:38 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED     (AV01) | AJA |
| 10/23/2020 | 2:38 PM | ORIG | ORIGIN: INITIAL FILING     (AV01) | AJA |
| 10/23/2020 | 2:38 PM | C001 | C001 PARTY ADDED: DODSON TERRI P.     (AV02) | AJA |
| 10/23/2020 | 2:38 PM | C001 | INDIGENT FLAG SET TO: N     (AV02) | AJA |
| 10/23/2020 | 2:38 PM | C001 | C001 E-ORDER FLAG SET TO "Y"     (AV02) | AJA |
| 10/23/2020 | 2:38 PM | C001 | LISTED AS ATTORNEY FOR C001: RIEMER KENNETH JOSEP | AJA |
| 10/23/2020 | 2:38 PM | D001 | D001 PARTY ADDED: WYNDHAM VACATION RESORTS INC., E | AJA |
| 10/23/2020 | 2:38 PM | D001 | D001 E-ORDER FLAG SET TO "Y"     (AV02) | AJA |
| 10/23/2020 | 2:38 PM | D001 | INDIGENT FLAG SET TO: N     (AV02) | AJA |
| 10/23/2020 | 2:38 PM | D001 | CERTIFIED MAI ISSUED: 10/23/2020 TO D001    (AV02) | AJA |
| 10/23/2020 | 2:38 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE     (AV02) | AJA |
| 10/23/2020 | 2:38 PM | ECOMP | COMPLAINT E-FILED. | RIE003 |
| 10/23/2020 | 4:35 PM | TRAC | CASE ASSIGNED TO: FAST    TRACK     (AV01) | JOD |
| 10/23/2020 | 4:35 PM | DAT4 | FOR: CERT TO BE FILED ON 07/16/2021 @ 0900A (AV01) | JOD |
| 11/3/2020 | 8:14 AM | EORDE | ORDER E-FILED - ORDER - PRE-TRIAL ORDER - ORDER E-DOCKETED - RENDERED & ENTERED: 11/3/2020 8:14:32 AM | JOO |

| *Images* | | | | |
|---|---|---|---|---|
| **Date:** | **Doc#** | **Title** | **Description** | **Pages** |
| 10/23/2020 2:40:37 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 10/23/2020 2:40:37 PM | 2 | COMPLAINT | | 7 |
| 10/23/2020 2:41:07 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 10/23/2020 2:41:07 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 11/3/2020 8:16:29 AM | 5 | ORDER | PRE-TRIAL ORDER | 4 |
| 11/3/2020 8:16:32 AM | 6 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |

 *END OF THE REPORT*

ELECTRONICALLY FILED
10/23/2020 2:38 PM
02-CV-2020-902148.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02-CV-2020-902148.00<br>Date of Filing:<br>10/23/2020 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### TERRI P. DODSON v. WYNDHAM VACATION RESORTS INC., ET AL.

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:   F** ☑ **INITIAL FILING**       **A** ☐ **APPEAL FROM**       **O** ☐ **OTHER**
                                 **DISTRICT COURT**

         **R** ☐ **REMANDED**         **T** ☐ **TRANSFERRED FROM**
                                 **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| RIE003 | 10/23/2020 2:38:37 PM | /s/ KENNETH J RIEMER |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**       ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☑ NO

ELECTRONICALLY FILED
10/23/2020 2:38 PM
02-CV-2020-902148.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| TERRI P. DODSON, previously known as Terri Kelly<br>      Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION RESORTS, INC and DEFENDANTS A through Z, being those Persons or Entities responsible for the wrongful acts Alleged herein and whose names are Unknown to Plaintiff,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: |

## COMPLAINT

**COMES NOW** Terri P. Dodson, previously known as Terri Kelly, and as her Complaint against above-named Defendants avers as follows:

### PARTIES

1.      Plaintiff is an adult resident of Mobile County, Alabama.

2.      Defendant Wyndham Vacation Resorts, Inc. ("Wydham") is a corporation formed outside of the State of Alabama, with its principal place of business in the State of Florida.

3.      Defendants A through Z are those persons or entities responsible for the wrongful acts alleged herein and whose names are unknown to Plaintiff.

### BACKGROUND FACTS

4.      Plaintiff is a 53-year-old retired resident of Mobile County.

5.      In November 2017, Plaintiff and her husband were married and travelled to Pigeon Forge Tennessee later that month to celebrate their honeymoon. While shopping in Walmart, the couple was approached with an offer of free concert tickets in exchange for attending a promotion seminar offer by Wyndham Resorts. The couple accepted the free tickets and agreed to attend the

seminar at a Wyndham Resort promoting a travel club membership. Before the sales presentation began, Plaintiff provided Wyndham with a completed information that listed her home address and other basic information. During the high-pressure seminar, the couple made it clear that they were both on a fixed income, could not afford any membership fee or timeshare purchase and were not interested in purchasing anything. They reiterated this fact numerous times throughout the presentation. Near the end of the seminar, they were presented papers regarding a free trial membership, which they signed. However, Plaintiff at no time agreed to buy a membership and never signed papers agreeing to open any credit card account for the purpose of buying a membership. Plaintiff asked the Wyndham representative several times whether any of the papers obligated them to purchase a membership either then or at the end of the trial and he assured her they did not. He emphasized the language in the documents indicating that the membership was "FREE!" and that the membership was "complimentary," and that these documents confirmed that they were undertaking no financial obligation whatsoever. The Dodsons' signed the documents and left with the documents confirming that their trial membership was free. Plaintiff was also asked to sign documents relating to a credit card account with Barclays, but she was told by the Wyndham sales representative these documents would be held and not processed unless and until Plaintiff decided, after the free trial, to purchase a membership. When Plaintiff questioned this, the salesman emphasized that there was no financial obligation and the credit card account would not be opened unless she contacted them and stated that she wished to purchase a membership. He also emphasized the other documents provided which made clear that the trial was free and that she was not being charged membership fee.

6.     During the next eleven months, Plaintiff heard nothing from Wyndham, never used the trial membership and considered the matter over. She also heard nothing from Barclays; she never received a credit card agreement, a credit card or any statement or other notice from Barclays

indicating that she owed anything to anyone in connection with the seminar.

7.      In November 2018, Plaintiff received a collection letter from Barclays' debt collection law firm, Lloyd & McDaniel, PLC (the "Lloyd Firm"). The letter identified a Barclays credit card account, with a number ending in 2308 (the "Barclays Account"), stated that the card was in Plaintiff's name and demanded payment of a balance in the amount of $3,786.84.

8.      Plaintiff did not have a Barclay's credit card account and never agreed to open one or fund any purchase through such an account at any time. At first, she had no idea the collection letter was related to the Wyndham seminar in November 2017. But when she called the collection law firm , she was told that the account was opened during or just after the November 2017 travel club seminar and that the charge was a membership fee for the travel club peddled at the seminar. Plaintiff immediately disputed the charge both verbally and in writing.

9.      Based on information provided to the Plaintiff, after her November 2018 verbal dispute, it became apparent that someone at Wyndham processed the credit card papers she was told would be used only if she later decided to purchase a membership. It was also apparent that the credit card account was created with a bogus address, even though Plaintiff had provided Wyndham her correct address. The use of the bogus address prevented her from receiving any statements or other documents from Barclays so she no idea the account existed and no opportunity to dispute the account. It was only after the collectors skip-traced Plaintiff that she received any indication that the account existed, and that notice was received November 2018.

10.     The account was created, and her signature was used, without Plaintiff's permission and contrary to both her expressed instructions, and Wyndham's representation that her trial membership was free and that the credit card account papers would not be processed unless and until she indicated that she wished to purchase a membership after her free trial.

3

## COUNT ONE
### (FRAUD)

11.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

12.    Wyndham, acting through agents A through Z, committed fraud, including fraud by forgery and fraud in the factum, in connection with the Barclays Account.  The fraudulent acts include, but are not limited to, the following: executing and submitting documents on Plaintiff's behalf necessary to create the Barclays Account, with Plaintiff as the responsible borrower, without her knowledge or permission.

13.    The representations described above, made at the sales seminar and pertaining to the "free trial" membership were false and were made with the intent to induce Plaintiff into signing credit card documents which Defendant intended to use to create a credit card account contrary to its representations and Plaintiff's expressed permission.

14.    Plaintiff has suffered damages as a result of Defendants' fraud.

15.    Wyndham is liable for the wrongful acts of its employees and/or agents, Defendants A through Z.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against the Defendants for fraud and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT TWO
### (WANTONNESS)

16.    The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

17.    The acts and omissions alleged herein by Defendants constitute wantonness and

4

were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and welfare.

18.     Plaintiff has suffered damages as a proximate result of the said wantonness.

19.     Wyndham is liable for the wrongful acts of its employees and/or agents, Defendants A through Z.

20.     Defendants owed a duty to Plaintiff to take reasonable measures to protect against the misuse of her personal information and identifiers, including the creation of loans and other accounts without her permission.  Defendants also owed a duty to take responsible measures to prevent the use of its information systems to allow an agent or employee to appropriate Plaintiff's personal information to create a fraudulent account.

21.     Defendant Wyndham and Defendants A through Z breached the duties to Plaintiff with a wanton, reckless or conscious disregard for the Plaintiff's rights and welfare.  Defendant Wyndham also wantonly hired, trained, and supervised its employees and/or agents.  This includes, but is not limited to, the failure to institute measures necessary to detect and prevent fraudulent activity committed by its employees and/or agents.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants for wantonness, and award her compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT III
### (IDENTITY THEFT)

22.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

23.     This claim is brought pursuant to the Alabama Consumer Identity Protection Act, Ala Code §§ 13A-8-190 et seq. (1975).

24.     As described above, Defendants used Plaintiff's personal identifiers, name and signature which they procured under false pretense, to create the fraudulent Barclays Account in Plaintiff's name without her permission or knowledge contrary to her express instructions and Wyndham's representation.

25.     Defendants took steps to obscure the theft by using a bogus address so that Plaintiff would remain unaware of the account and unable to timely dispute the charge.  The creation of the Barclays Account provided benefits to Wyndham and/or the agents responsible for its creation.

26.     These actions constitute violations of Section 13A-8-192 and Plaintiff has suffered damages as a result of said violations.

27.     The actions taken by Defendants A through Z in violation of Section 13A-8-192 were taken while said agents were acting within the scope of their employment with and/or as agents of Wyndham. Wyndham is liable for the wrongful actions of Defendants A through Z.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants for violation of the Alabama Consumer Identity Protection Act and, pursuant to Section 13A-8-199, award the following relief:

> A. Statutory damages in the amount of three (3) times actual damages or $5,000 per incident, whichever is greater;
> B. Reasonable attorneys' fees and costs; and
> C. Such other relief as this Court deems proper.

Respectfully submitted this the 23rd day of October, 2020.

6

KENNETH J. RIEMER (RIE003)
Attorney for Plaintiff
UNDERWOOD & RIEMER, P.C.
2153 Airport Boulevard
Mobile, Alabama 36606
Phone: (251) 432-9212
Email: kriemer@alalaw.com

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL TO THE FOLLOWING:**

WYNDHAM VACATION RESORTS, INC
C/O CORPORATE CREATIONS NETWORK, INC
4000 EAGLE POINT CORPORATE DRIVE
BIRMINGHAM, AL 35242



AlaFile E-Notice

02-CV-2020-902148.00

To:  KENNETH J RIEMER
     kjr@alaconsumerlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TERRI P. DODSON V. WYNDHAM VACATION RESORTS INC., ET AL.
02-CV-2020-902148.00

The following complaint was FILED on 10/23/2020 2:40:37 PM

Notice Date:     10/23/2020 2:40:37 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**USPS CERTIFIED MAIL**

9214 8901 7301 4102 2000 1153 95

*CIRCUIT CIVIL DIVISION*
*205 GOVERNMENT STREET*
*MOBILE, AL, 36644*

**02-CV-2020-902148.00**

To: WYNDHAM VACATION RESORTS INC., ET AL.
C/O CORPORATE CREATIONS
4000 EAGLE POINT CORP DR.
BIRMINGHAM, AL 35242

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**TERRI P. DODSON V. WYNDHAM VACATION RESORTS INC., ET AL.**
**02-CV-2020-902148.00**

The following complaint was FILED on 10/23/2020 2:40:37 PM

Notice Date:     10/23/2020 2:40:37 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2020-902148.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### TERRI P. DODSON V. WYNDHAM VACATION RESORTS INC., ET AL.

**NOTICE TO:** WYNDHAM VACATION RESORTS INC., ET AL., C/O CORPORATE CREATIONS 4000 EAGLE POINT CORP DR., BIRMINGHAM, AL 35242
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH J RIEMER
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2153 Airport Boulevard, Mobile, AL 36602
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TERRI P. DODSON
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 10/23/2020 | /s/ JOJO SCHWARZAUER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ KENNETH J RIEMER
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .
*(Date)*

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____
*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
11/3/2020 8:14 AM
02-CV-2020-902148.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Revised 1-1-04; 4-1-99; 11-1-99

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

```
_____          *

_____          *

Plaintiff(s)                   *

vs.                            *        CIVIL ACTION NO. _____

_____          *        DATE COMPLAINT FILED _____

_____          *

Defendant(s)                   *
```

### ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

      (1)     The date the complaint was filed;

(2)     That the issues in the case have been defined and joined;

(3)     That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)     That a jury trial has or has not been demanded;

(5)     The expected length of the trial expressed in hours and/or days;

(6)     A brief description of the plaintiff's claim;

(7)     The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)     That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)     That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

## NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

### GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.  EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.      Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.      Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.      Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.  DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.      If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.      Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.      The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.  DAMAGES

a.      All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.      Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.  AGENCY-TIME AND PLACE-DUTY

a.      Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.   EXPERTS

a.   Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.   Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.   Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.   Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.   JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.   JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.   DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.   MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.   CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

_____
Presiding Judge, John R. Luckett



AlaFile E-Notice

02-CV-2020-902148.00

Judge: MICHAEL A YOUNGPETER

To:   RIEMER KENNETH JOSEPH
      kjr@alaconsumerlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TERRI P. DODSON V. WYNDHAM VACATION RESORTS INC., ET AL.
02-CV-2020-902148.00

The following matter was FILED on 11/3/2020 8:16:29 AM

Notice Date:      11/3/2020 8:16:29 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-902148.00

Judge: MICHAEL A YOUNGPETER

To:   WYNDHAM VACATION RESORTS INC., ET AL. (PRO SE)
C/O CORPORATE CREATIONS
4000 EAGLE POINT CORP DR.
BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TERRI P. DODSON V. WYNDHAM VACATION RESORTS INC., ET AL.
02-CV-2020-902148.00

The following matter was FILED on 11/3/2020 8:16:29 AM

Notice Date:     11/3/2020 8:16:29 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov